on the same evidence, it would have been folly in him to proceed in the others until the judgment of this court could be had. We think, therefore, that he ought not to stipulate, and that the costs for not proceeding to trial abide the event of the first.

### *David Combs* v. *Peter Wyckoff.*

THE present action was instituted to recover damages for not delivering a boat alleged to have been purchased by the plaintiff.

*Woods* moved to set aside the report of the referees on an affidavit, made by the attorney in the cause, stating these grounds : that the witnesses of the defendant were seafaring men, and that there had been an express-agreement between the deponent and the plaintiff's attorney, that the referees should not make up their report until the testimony on the part of the defendant could be obtained ; yet, notwithstanding this agreement, the referees had reported without waiting for the evidence on which the defendant relied ; that a sum had been allowed the plaintiff for a loss, said to have been sustained by not being enabled to carry a quantity of wood to *New-York*, though it was proved and even admitted, that a part of the wood was previously sold by the plaintiff, and the residue might have been conveyed to *New-York*, had he thought fit ; that the referees were nominated by the deponent, without the knowledge of the defendant, between whom and one of them a quarrel had taken place, which was not made up ; that by the next circuit the defendant hoped to be able to procure

testimony which would at least diminish the damages against him.

*Skinner*, contra, read his own deposition, setting forth that he did not recollect the agreement above mentioned, and that at least it was not in writing; that the referees met several times, and were as often adjourned at the request of the defendant's attorney under the pretence of not being able to procure the attendance of his witnesses ; that at the last meeting the defendant's attorney declined summing up, and so far from any enmity existing between the defendant and one of his referees, the very party named as being inimical was his special bail.

*Per Curiam*, delivered by LIVINGSTON, J. The defendant moves to set aside the report of referees, alleging.

1. That it was agreed by the plaintiff's attorney, that no report should be made until the defendant's witnesses could be procured, which was afterwards disregarded.

This agreement not being in writing, and being denied by the plaintiff's attorney must be laid out of sight. The court cannot, too frequently inculcate the necessity of reducing to writing all agreements between gentlemen of the bar. Many mistakes, much misunderstanding and controversy will, by this measure, be avoided. In the present case it appears that two months elapsed before the report was made, which was allowing sufficient time for the defendant to produce his witnesses. If they were abroad, he

might have applied to the court, (for a term intervened between the appointment and report of the referees) for an order on them not to proceed for a reasonable time, which would have been granted, or a judge at his chambers would have ordered the proceedings to stay until application should be made to the court.

2. Another objection is, that a sum was allowed, which was not proved to be due. Of this allegation there is no satisfactory proof, and therefore we can take no notice of it.

3. A third objection is, an enmity between the defendant and one of the referees.

This reference, it is to be observed, was nominated by the defendant's attorney, and although he might have been ignorant of the quarrel spoken of, the defendant, by his acquiescence in the appointment, and submitting the cause to his decision, cannot now avail himself of this challenge. He should have applied to the court to remove him and appoint another. It is somewhat remarkable, however, that the referee who is repugnant or hostile to the defendant, should be his special bail in this very cause.

4. The defendant states, that " he can now intro-" duce evidence to diminish *at least* the damages re-" ported." This is very loose, to say the least. Why was not this testimony obtained before ? And to what extent will the damages be reduced, if it be offered now ? Will it justify a diminution of only one dollar or less ? If so " *de minimis non curat lex,*" and

if the discovery had been made even prior to the report, it would be no reason for disturbing it. Let the defendant take nothing by his motion and pay the costs of this application.

## The People v. Harry Croswell.

THE defendant had been convicted before his honour, Chief-Justice LEWIS, at the last circuit, held in and for the county of *Columbia*, on an indictment for a libel on the President of the *United States*. The proceedings were originally commenced before the justices in general sessions, from whence they were removed into this court, and went down to the circuit in the usual manner. On his conviction recognizances were taken for his appearance the first day of term to receive judgment, but his counsel considering the chief-justice to have totally misdirected the jury, were rather at a loss how to bring the matter before this court. It was resolved by the bench, that on the cause being brought up and sent down to the circuit, the suit, though in its nature a criminal prosecution, took the course of a civil action; that within the first four days of the term ensuing the conviction, a motion in arrest of judgment might be made, or the parties may make a case, and bring every thing fully before the court. This measure they advised, as being in the present instance more explicit, and it being adopted, they gave day till the fourth day of next term, taking recognizances from the defendant and two others for his due appearance, himself in 500 dollars, his sureties in 250 dollars each.